<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 08-6348**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

VAN ALLEN LOVE,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District Judge.  (0:99-cr-00573-JFA-3; 0:04-cv-01300-JFA)

───────────────

Submitted:  April 22, 2008         Decided:  May 2, 2008

───────────────

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Van Allen Love, Appellant Pro Se.  Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Van Allen Love seeks to appeal the district court's orders dismissing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2000) motion, and denying his subsequent Fed. R. Civ. P. 59(e) motion to alter or amend that ruling. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Love has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Love's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. See United States v. Winestock, 340

- 2 -

F.3d 200, 208 (4th Cir. 2003). In order to obtain such authorization, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255(h). Love's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>